This tender and refusal instantly extinguished the defendant's lien upon the property, and its retention of the same thereafter was unauthorized and unlawful, and amounted to a conversion; and this result was not affected by the plaintiff's failure (if he did fail) to keep his tender good. *McPherson v. James,* 69 Ill. App. 337; *Norton v. Baxter,* 41 Minn. 146; *Mitchell v. Roberts,* 17 Fed. 776; *Loughborough v. McNevin,* 74 Cal. 250; 31 Cyc. 852. There were no conditions attached to the tender. The purpose of the tender was to redeem the pledge, and a demand for the return of the pledged property did not make the tender conditional.

As to the third contention, we are of the opinion that the provision of the contracts limiting the pledgee's liability to twenty-five per cent. more than the loan was not intended to apply to a case of conversion, but was intended to cover loss or damage to the property occurring from the defendant's negligence or by accident.

Finding no reversible error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*

---

**Oscar E. Shaffer and Edith Shaffer, Defendants in Error, v. Natoma Farm, Plaintiff in Error.**

**Gen. No. 20,690.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. Harry C. Moran, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

### Statement of the Case.

Suit by Oscar E. Shaffer and Edith Shaffer, in the Municipal Court, against the Natoma Farm, a corpora-

tion, to recover damages for breach of a contract of employment. Upon a trial before the court without a jury, plaintiffs recovered a judgment for two hundred and twenty dollars, and defendant sued out this writ of error.

ALDEN, LATHAM & YOUNG and ASA Q. REYNOLDS, for plaintiff in error.

WILLIAM A. JENNINGS, for defendants in error.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1414*—*when finding of court will not be disturbed.* Evidence, though conflicting, *held* to support a finding of the existence of a contract of employment for one year.

2. APPEAL AND ERROR, § 1258*—*when party cannot complain of amount of recovery.* A defendant cannot complain on appeal merely because the amount of damages allowed the plaintiffs was less than a sum which would have been justified under the evidence.

3. APPEAL AND ERROR, § 1414*—*when finding of court not justified by evidence.* Evidence *held* not to justify a finding of default under a contract of employment, for while the employees did not appear on a certain date as required by the contract, it appeared that they were prepared and ready to go but did not because defendant's agent telegraphed them not to do so.

4. FRAUDS, STATUTE OF, § 118*—*when statute must be pleaded.* If the Statute of Frauds is relied upon as a defense it must be pleaded, unless the plaintiffs' pleadings are in such form as to advise the defendant of the precise nature of the claim.

5. MUNICIPAL COURT OF CHICAGO, § 13*—*what is nature of affidavit of merits.* An affidavit of merits filed in the Municipal Court is not technically a pleading.

6. PLEADING, § 262*—*when amended or additional pleading is necessary.* Where a statement of claim sought recovery for damages for breach of a contract of employment, and the defendant filed an affidavit of merits denying such contract, the defendant could not defend upon a different theory without asking leave to file, and filing, an amended or additional affidavit.

7. APPEAL AND ERROR, § 425*—*when defense cannot be raised on appeal.* In an action for damages for breach of a contract of employ-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment, where it appeared that the defendant at the trial orally urged the Statute of Frauds as a defense, but did not plead such defense by filing an amended affidavit of merits, a contention that the contract was void under the Statute of Frauds could not be urged on appeal, not being brought properly before the trial court for decision.

Joseph Daube, Defendant in Error, v. Jonas Kuppenheimer, Louis Kuppenheimer and Albert Kuppenheimer, trading as B. Kuppenheimer & Company, Plaintiffs in Error.

## Gen. No. 20,789.

1. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 3*—*how long right to dismiss has existed.* The right to take a voluntary nonsuit in jury cases has not changed since the year 1819, and such right is specifically recognized in the Municipal Court Act, sec. 30 (J. & A. ¶ 3342).

2. TRIAL, § 183*—*when peremptory instruction may be withdrawn.* A trial judge may change his mind after he has announced his intention to give a peremptory instruction, and it is not error under ordinary circumstances to withdraw an instruction even after it has been read to the jury.

3. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 1*—*what is nature of right to take voluntary nonsuit.* The right to take a nonsuit is a substantial right and should not be taken away without giving the plaintiff some opportunity to exercise that right.

4. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 14*—*when party may take voluntary nonsuit.* Under the Practice Act, sec. 70 (J. & A. ¶ 8607) and sec. 30 of the Municipal Court Act (J. & A., ¶ 3342), as to the right to nonsuit, a plaintiff has the right to take a nonsuit if he so desires after he has learned the views of the court as to the law and before the jury actually retire.

5. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 14*—*when request for voluntary nonsuit not too late.* A request for a nonsuit in a jury trial does not come too late when made after the trial judge has directed a verdict and before the jury have done anything towards complying with the court's direction, and before any verdict has been signed, announced or otherwise rendered.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.